```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
        v.                      :
                                :
JAMES A. AUFFENBERG, et al.     :       NO. 2007-0047
```

ORDER

AND NOW this 17th day of September, 2008, it is hereby ORDERED that the motion of defendant James W. Ferguson, III, to strike references to attorney-client privileged communications (Doc. No. 215) is DENIED.

_____

Defendant James W. Ferguson moves to strike from the record a May 15, 2000 email authored by Marjorie Rawls Roberts ("Roberts"), then-counsel for defendants Kapok, Inc. and Kapok Management, L.P., and directed to Alan Bronstein ("Bronstein"), a certified public accountant. Ferguson contends that Bronstein was "within the control group" of Kapok, Inc. and Kapok Management, L.P. at the time of the email and that the email is therefore protected by the attorney-client privilege. See, e.g., United States v. Amerada Hess Corp., 619 F.2d 980, 986 (3d Cir. 1980). Nonetheless, Ferguson provides no evidence that Bronstein was anything other than an outside accountant to defendants. Ferguson points to nothing in the record to demonstrate that Bronstein was within the "control group" of Kapok, Inc. or Kapok Management, L.P.

We recognize that the attorney-client privilege may attach to communications between a client's attorney and an accountant retained to assist the attorney in providing legal advice. See United States v. Alvarez, 519 F.2d 1036, 1045 (3d Cir. 1975). However, "'[i]f what is sought is not legal advice but only accounting service ... or if the advice sought is the accountant's rather than the lawyer's, no privilege exists.'" United States v. Antolini, 271 F. App'x 268, 271 n.1 (quoting United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961)). The email at issue here was plainly not sent for the purpose of assisting the lawyer, Roberts, in rendering legal advice to defendants, and thus does not fall within the scope of the attorney-client privilege.[1] Accordingly, we are denying the motion of defendant.

BY THE COURT:

/s/ Harvey Bartle III
HARVEY BARTLE III          C.J.
SITTING BY DESIGNATION

---

1. We note that no accountant-client privilege exists under federal law. Couch v. United States, 409 U.S. 322, 334 (1973).